UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JUAN CARLOS ARRIAGA-ZAVALA,

    Petitioner,

        v.                         CAUSE NO. 3:26-CV-296-CCB-SJF

WARDEN,

    Respondent.

## OPINION AND ORDER

Immigration detainee Juan Carlos Arriaga-Zavala, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Arriaga-Zavala is a citizen of Mexico who claims to have entered the United States without inspection in 2023.[1] (ECF 1 at 14; ECF 5-2 at 20.) He came to the attention of immigration officials in December 2025, when he was convicted of operating a vehicle while intoxicated in Marion County, Indiana. (ECF 5-2 at 4-8.) On December 9, 2025, he was taken into custody by Immigration and Customs Enforcement (ICE) agents pursuant to an administrative warrant and served with a Notice to Appear in immigration court. (ECF 5-3 at 2, 6.) He was subsequently transferred to Miami Correctional Facility, where he remains at present pending the outcome of his removal proceedings. (ECF 1 at 3.) He has

---

[1] It can be discerned that he was also present in the United States for a period in 2017, as he was convicted of operating a vehicle without a license in Marion County, Indiana, in January 20217. *See State v. Arriaga,* No. 49G07-1611-CM-045178 (Marion Sup. Ct. closed Jan. 17, 2017.) Immigration records also reflect that he attempted to enter the United States in 2022 and was expelled to Mexico by United States Border Patrol agents. (ECF 5-3 at 3.)

not been given an opportunity for release on bond because immigration officials view him as ineligible for bond under 8 U.S.C. § 1225(b)(2). (*Id.*) He argues that his continued detention without an opportunity for bond violates applicable statutes and their implementing regulations, as well as the Fifth Amendment's Due Process Clause. (*Id.* at 14-16.) He seeks immediate release or, alternatively, a prompt bond hearing. (ECF 1 at 17.)

In an order to show cause, the court directed the Warden to address the petition in light of *De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026), and subsequent cases, which joined the overwhelming majority of other district courts in concluding that § 1225(b)(2) does not apply to noncitizens who are not "seeking admission" at a port of entry and are instead arrested within the interior of the United States. (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 3.) The Warden has answered the petition (ECF 5), and Mr. Arriaga-Zavala has filed a reply (ECF 6).

The Warden repeats his argument from *De Jesús Aguilar* and other recent cases that this court lacks jurisdiction over the petition and that Mr. Arriaga-Zavala is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) because he is an applicant "seeking admission" within the meaning of that statute. (ECF 5.) These arguments were rejected in *De Jesús Aguliar* and subsequent decisions by judges in this District. *See, e.g., Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). The court continues to be of the view that jurisdiction is secure and that the statute cannot

reasonably be interpreted in the manner urged by the government. Notably, the Seventh Circuit recently held in deciding a motion for a stay pending appeal that the government was not likely to succeed on its argument that the mandatory detention provision contained in § 1225(b)(2) applies to noncitizens who are arrested in the interior of the United States.[2] *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025).

The court reaffirms its holding that the mandatory detention provision in 8 U.S.C. § 1225(b)(2) does not apply to individuals like Mr. Arriaga-Zavala who are arrested within the interior of the country years after their arrival. That leads the court to 8 U.S.C. § 1226(a), the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). The Supreme Court has held that a noncitizen detained under § 1226(a) is entitled to an individualized bond hearing. *Jennings*, 583 U.S. at 306.

Here, Mr. Arriaga-Zavala was arrested pursuant to a warrant, which accords with § 1226(a). (ECF 5-3 at 6.) However, he has not been given an opportunity for bond because

---

[2] The court is aware of the 2-1 opinions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), reaching a different conclusion. These opinions are not binding in this Circuit, and the court remains convinced that its analysis of § 1225(b)(2) is sound until guidance comes from the Seventh Circuit.

officials viewed him as categorically ineligible for bond under § 1252(b)(2). (ECF 5.) This was error for the reasons previously explained. The court concludes that the appropriate remedy in this situation is an order requiring the government to provide him with a prompt bond hearing in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. *See Cornejo Rivera v. Olson*, No. 3:25-CV-1090-CCB-SJF, 2026 WL 81753, at *1 (N.D. Ind. Jan. 12, 2026) (Brisco, J.).

The Warden argues that the court should not grant Mr. Arriaga-Zavala any relief until he exhausts all available administrative channels, including filing a motion for bond with an immigration judge and appealing any adverse ruling to the BIA. (ECF 5 at 6-7.) "[E]xhaustion of administrative remedies is not statutorily mandated" in cases brought under § 2241. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1016 (7th Cir. 2004) (citation omitted). Therefore, whether to require exhaustion is a matter of "sound judicial discretion." *Id.* The court may require administrative exhaustion in § 2241 cases challenging a noncitizen's detention as a matter of judicial economy or administrative comity, but "individual interests demand that exhaustion be excused when . . . appealing through the administrative process would be futile because the agency . . . has predetermined the issue." *Id.* (citation omitted).

Mr. Arriaga-Zavala argues that it would be futile for him to seek bond before the court rules on his petition in light of *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025), holding that noncitizens without legal status in the United States are subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF 6 at 4.) The court agrees, because it is evident from the record (and from the many other habeas petitions filed in this District in recent

4

months) that the government views individuals like Mr. Arriaga-Zavala as categorically ineligible for bond.

Indeed, recent proceedings in a case out of the Central District of California lend support for the conclusion that it would be futile for petitioners like Mr. Arriaga-Zavala to pursue a bond hearing through administrative channels. In that case, the district judge issued an opinion vacating *Hurtado* on behalf of a nationwide class of individuals who were arrested by ICE within the interior of the United States and denied an opportunity for release on bond. *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2026 WL 468284 (C.D. Cal. Feb. 18, 2026), *appeal docketed*, No. 26-1044 (9th Cir. Feb. 23, 2026). The government has appealed that decision, and the Ninth Circuit recently granted the government a partial stay of the court's order, leaving the judgment intact as to class members located within the Central District of California, but staying the judgment "insofar as the district court's judgment extends beyond the Central District of California." *Maldonado Bautista*, No. 26-1044 (9th Cir. order dated Mar. 6, 2026). The district judge's ruling is thus unlikely to change the outcome of a custody redetermination motion filed by an individual like Mr. Arriaga-Zavala, who is outside of California. These proceedings also confirm that the government remains committed to its interpretation of § 1225(b)(2), notwithstanding the prior rulings of this court and many others across the country. The court finds that the exhaustion doctrine does not present a barrier to relief in this case.

Mr. Arriaga-Zavala seeks either outright release or a bond hearing. The court views the opportunity for a bond hearing as the correct remedy. He was detained pursuant to a warrant issued by an immigration officer in accordance with 8 U.S.C. § 1226, and it is for

the Attorney General to decide whether release is warranted under the circumstances presented by this case. *See Bolante v. Keisler*, 506 F.3d 618, 621 (7th Cir. 2007) (federal court's inherent authority to release individuals seeking habeas corpus relief is curtailed by statutory structure that applies in immigration cases). However, if the government does not provide him with an individualized bond hearing by the deadline set below, then he must be released, because his continued detention without an opportunity for bond is unlawful. 8 U.S.C. § 1226(a); *Jennings*, 583 U.S. at 306.

Because the court concludes that Mr. Arriaga-Zavala is entitled to relief as a matter of statutory law, the court does not reach his alternate argument that his detention without an opportunity for bond violates the Due Process Clause. *See K.C. v. Individual Members of Med. Licensing Bd. of Indiana*, 121 F.4th 604, 631 (7th Cir. 2024) ("Courts should avoid resolving cases on constitutional grounds when they can be fairly resolved on statutory grounds."). The court also does not reach the argument raised in his reply that the government should bear the burden of proving that he is not entitled to release at any individualized bond hearing that occurs. (ECF 6 at 16.) This conflicts with usual procedures, which provide that "[t]o secure release, the alien must show that he does not pose a danger to the community and that he is likely to appear for future proceedings." *Johnson*, 594 U.S. at 527. At this point, it is unclear how the government intends to proceed now that the court has determined Mr. Arriaga-Zavala cannot be held without bond under 8 U.S.C. § 1225(b)(2). It may decide to release him, or if an individualized bond hearing is held, he may prevail before an immigration judge or be able to obtain relief with the BIA.

Without a prior denial of bond on the merits that is alleged to be erroneous, the court leaves the parties to follow the usual process under § 1226.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition for a writ of habeas corpus (ECF 1) and ORDERS the Warden to release Juan Carlos Arriaga-Zavala on or before **April 7, 2026**, unless he is provided with an individualized bond hearing pursuant to 8 U.S.C. § 1226 and corresponding regulations;

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Warden to file proof of compliance with this order by **April 9, 2026.**

SO ORDERED on March 30, 2026.

_/s/ Cristal C. Brisco_
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT